IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Dean Pettit, et al.,** : | |
| : | |
| **Plaintiffs,** : | |
| : | Case No. 2:09-cv-00602 |
| **v.** : | |
| : | |
| **SmithKline Beecham Corp., et al.,** : | **JUDGE ALGENON L. MARBLEY** |
| : | **Magistrate Judge King** |
| **Defendant**s. : | |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendant SmithKline Beecham Corporation's ("Defendant") Motion for Judgment on the Pleadings (Dkt. 23). Defendant asks this Court to dismiss Counts I, II, and III from Plaintiffs Mary and Dean Pettit's ("Plaintiffs") Amended Complaint (Dkt. 13) due to the statute of limitations under Ohio's product liability statutes. For the reasons states below, Defendant's Motion is **DENIED**.

**II. BACKGROUND**

On July 13, 2009, Plaintiffs filed suit, in their individual capacities and as the parents and natural guardians of Danielle Pettit, a deceased minor, bringing various claims against Defendant for the death of their daughter, Danielle. Danielle was born in Ohio in 1997. While Mary Pettit, Danielle's mother, was pregnant with her, she was prescribed and was taking Paxil, an antidepressive medication[1] manufactured by Defendant. Plaintiffs allege that Danielle was born with Paxil-induced cardiovascular birth defects, including a congenital heart defect called

---

[1]Paxil is a selective serotonin reuptake inhibitor, or "SSRI" class of drug.

Hypoplastic Left Heart Syndrome ("HLHS"), a condition which left the left side of her heart underdeveloped. Plaintiffs further allege that at the time Paxil was prescribed to a pregnant Mary Pettit, the Defendant knew that Paxil was associated with a significant increased risk of cardiac birth defects for pregnant women and the children they were carrying. After her birth, Danielle had several heart surgeries, and, on July 14, 2007, died at the age of ten as a result of her heart condition.

In their Amended Complaint, Plaintiff's contend that in September 2005, Defendant informed doctors of the serious risks involved for pregnant women taking Paxil because of third-party research that had been released showing the association between Paxil and cardiac birth defects. Plaintiff's further allege that they filed the current lawsuit within the applicable statute of limitations, and that they could not have discovered the cause of Danielle's Paxil-induced injuries and death at an earlier time because the cause was unknown to them. Finally, Plaintiffs state that they were prevented from discovering the cause of their injuries and Danielle's condition and death because of misrepresentation and fraudulent concealment by Defendant.

### III. STANDARD OF REVIEW

A motion for judgment on the pleadings may be made "[a]fter the pleadings are closed but within such time as not to delay the trial." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) attacks the sufficiency of the pleadings and is reviewed under the same standard applicable to a motion to dismiss under Rule 12(b)(6). *Ziegler v. IBP Hog Mkt.*, 249 F.3d 509, 511-12 (6th Cir. 2001). "A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's

factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). Consequently, the Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008)*; Murphy v. Sofamor Danek Gp.,Inc.*, 123 F.3d 394, 400 (6th Cir. 1997). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 127 S. Ct. 1955 (2007)).

Although liberal, the Rule 12(b)(6) standard requires more than the bare assertion of legal conclusions to survive a motion to dismiss. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). The complaint must "'give the defendant fair notice of what the claim is, and the grounds upon which it rests.'" *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007)). While a complaint need not contain "detailed factual allegations," its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007). A complaint that suggests "the mere possibility of misconduct" is insufficient; rather, the complaint must state "a plausible claim for relief." *Iqbal*, 129 S.Ct. at 1950 (*citing Twombly*, 550 U.S at 556). A Rule 12(c) motion is granted only if there is an absence of law to support a claim of the type made or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *Cmty. Mental Health Serv. v. Mental Health & Recovery Bd.,* 395 F. Supp. 2d 644, 649 (S.D. Ohio 2004). Under the Federal Rules of Civil Procedure, "a copy of a

written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c); *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 296 (6th Cir. 2008).

## IV. LAW & ANALYSIS

Defendant moves for Judgement on the Pleadings as to the first three counts of Plaintiffs' Complaint: 1) Paxil was Defective in Design and Formulation Under Revised Code Section 2307.75; 2) Paxil was Defective Due to Inadequate Post-Marketing Warning and Instruction Under Revised Code Section 2307.76; and 3) Conformance to Representation Revised Code Section 2307.77. These three counts represent Plaintiffs' products liability claims under the Ohio Product Liability Act ("OPLA"). Defendant requests dismissal of these three counts because they are time barred.

Under the OPLA, product liability claims must be brought within two years after accrual of the cause of action. O.R.C. § 2305.10(A). The OPLA further states that:

> a cause of action for bodily injury that...is caused by exposure to hazardous or toxic chemicals, ethical drugs, or ethical medical devices, accrues upon the date on which the plaintiff is informed by competent medical authority that the plaintiff has an injury that is related to the exposure, or upon the date on which by the exercise of reasonable diligence the plaintiff should have known that the plaintiff has an injury that is related to the exposure, whichever date occurs first.

*Id.* at § 2305.10(B).

This rule, titled the "discovery rule", establishes two factors in determining whether a cause of action under the OPLA is time barred: " (1) a plaintiff must know or reasonably should know that he has been injured, and (2) a plaintiff must know or reasonably should know the defendant's conduct proximately caused the plaintiff's injury." *Viock v. Stowe-Woodward Co.*, 13 Ohio App. 3d 7, 12 (Ohio App. 6 Dist. Aug. 19, 1983).

In this case, neither party disputes that the two year statute of limitations applies to the Plaintiffs' OPLA claims. Defendants allege, however, that Plaintiffs fail to state in their Complaint that their OPLA claims were brought within the applicable two year time period. For support, Defendants point to Plaintiffs' allegation that Defendant began to warn physicians of the cardiac risks for pregnant women in September 2005. Plaintiffs counter this argument by pointing to paragraph 27 of their Complaint, which states that they filed their cause of action within the statute of limitations because they "could not, by the exercise of reasonable diligence, have discovered the wrongful cause of the Paxil-induced injuries and death at an earlier time...Plaintiffs did not suspect, nor did Plaintiffs have reason to suspect, the cause of these injuries and death..." (Pls.' Compl. at ¶27.) As stated above, in determining whether a motion for judgment on the pleadings should be granted, this Court must construe the facts and allegations in the light most favorable to the non-moving party, in this case the Plaintiffs. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).

At this stage in the proceedings, the fact that Plaintiffs did not file this action within two years of September 2005, does not bar their claim. Plaintiffs should not be required to have researched the medical literature for drugs prescribed to them eight years earlier. *See Yacub v. Sandoz Pharmaceuticals Corp.*, 101 F.Supp. 2d 852, 861-62 (S.D. Ohio 1998) (finding no obligation to conduct independent medical research about possible adverse consequences of a drug, and that knowledge that an injury may be related to a drug is not necessarily sufficient to trigger statute of limitations). Not having engaged in discovery for these proceedings, it is impossible to know whether there is a reason, separate and apart from the Defendant's

September 2005 warnings to physicians, that would have triggered the running of the statute of limitations under the OPLA. *See id.* at 866 (statute of limitations began to run when husband reviewed newspaper article which revealed possible casual connection between drug and death of his wife). Plaintiffs' allegations, assumed to be true for purposes of this Motion for Judgement on the Pleadings, that they did not know, and should not reasonably have known, that Mary Pettit's ingestion of Paxil during her pregnancy with Danielle caused Danielle's HLHS and untimely death prior to July 13, 2007 (two years prior to the filing of Plaintiff's action in this matter), is sufficient to state a plausible claim of relief under the OPLA that is not time-barred. Defendant's Motion for Judgement on the Pleadings is, therefore, **DENIED**.

## V. CONCLUSION

Accordingly, Defendant's Motion for Judgement on the Pleadings is **DENIED**.

**IT IS SO ORDERED.**

<u>s/Algenon L. Marbley</u>
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**DATED: April 13, 2010**